# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:13-cv-00304 |
| | ) | Judge Trauger |
| MCINTOSH CONSTRUCTION, LLC; | ) | |
| VANTACORE PARTNERS, LP, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## INITIAL CASE MANAGEMENT ORDER

**A. JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

**B. BRIEF THEORIES OF THE PARTIES:**

**1) PLAINTIFF:**

Plaintiff, Kimberly Anderson, was an employee of the Defendants and was a qualified employee covered under the Family Medical Leave Act. At all times during Plaintiff's employment, she was inflicted with increased depression and anxiety/panic disorder. Plaintiff had two supervisors during her employment, one employed with Vantacore Partners, LP, and the other on-site with McIntosh Construction, both of whom had the authority to remedy the work related issues for which she complained and adverse employment actions against her.

Plaintiff was hired as a Controller, which included the job responsibilities of oversight in the Accounting Department. This included back-up and audit trails for financial statements, cut-offs for monthly payables and payroll entries, as well as ensuring her department complied with acceptable accounting principles used in the industry. Plaintiff discovered that the existing

1

financial books and records were not being kept in accordance with acceptable accounting principles causing discrepancies in the company's reporting of financial matters. Plaintiff began instituting changes in the accounting and bookkeeping procedures within McIntosh Construction to cure its reporting irregularities and deficiencies.

Within three months of her employment, Plaintiff began being subjected to a hostile work environment by employees, to include a financial accounting clerk that was adamantly opposed to Plaintiff's efforts to bring the accounting functions within acceptable reporting standards. One of Plaintiff's more significant accounting functions was to report the accounting functions to its parent company, Vantacore Partners, LP. This required Plaintiff to be fully involved in all of McIntosh's accounting functions. Plaintiff was viewed as an "intruder" to the company who was reporting unfavorable information to Vantacore Partners. Over the next few months, the hostilities towards Plaintiff by McIntosh employees grew exponentially.

Plaintiff reported the hostilities and her declining health to her supervisor at Vantacore Partners, LP. The supervisor assured her the situation would be remedied and she was doing an excellent job. In December 2010, Plaintiff was verbally assaulted and physically threatened and intimidated by the financial accounting clerk. Plaintiff immediately called her supervisor at Vantacore Partners, LP, crying uncontrollably over the confrontation. Again, Plaintiff reported her health spiraling downward due to the working conditions she was subjected to on a daily basis. Plaintiff's supervisor was apologetic. However, Plaintiff had been reporting the same for months. The work environment did not improve but only deteriorated for Plaintiff. In April 2011, Plaintiff was again verbally attacked and physically threatened to where Plaintiff called the Vice President of Operations and had the clerk removed from her office.

Plaintiff began getting physically sick and was not able to go to work physically or mentally. This pattern continued repeatedly over the next few months and Plaintiff even went to the hospital with heart attack symptoms. Plaintiff's major health issues forced Plaintiff to take time off from work from March to October 2011. Plaintiff informed her supervisors that she was forced to take time off due to her continuous physician's care. However, Defendant kept track of her absences and tardiness and used them against Plaintiff as a performance deficiency. Plaintiff reported she needed time away from the work environment due to her health issues, but was never afforded any leave under the Family Medical Leave Act.

Plaintiff's work environment became intolerable in the fall of 2011 and she was forced to choose between her health and her source of income. Receiving no assistance from Defendant, Plaintiff was forced to resign and therefore constructively discharged. Plaintiff putting Defendant on notice of her need for leave resulted in the actions taken by Defendant against her.

**2)    DEFENDANTS:**

Defendants deny that they engaged in any unlawful conduct or that Plaintiff is entitled to any remedy or relief from Defendants. Specifically, Plaintiff's allegation of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. fails because: (1) Plaintiff cannot establish a *prima facie* case of FMLA interference or retaliation; (2) All the personnel actions about which Plaintiff complains were taken solely for legitimate, non-discriminatory business reasons and were in no way motivated by or based on unlawful discriminatory or retaliatory animus; (3) Plaintiff cannot establish that Defendants' legitimate, nondiscriminatory business reasons for their actions were pretextual; (4) Defendants had an honest belief in their legitimate, non-discriminatory business reasons for their actions; and (5) Defendants acted in good faith and had reasonable grounds to believe that their actions did not violate the FMLA.

3

C. **ISSUES RESOLVED**: Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE**: Liability and damages.

E. **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before July 17, 2013.

F. **DISCOVERY**: The parties shall complete all written discovery and depose all fact witnesses on or before January 17, 2014. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. **MOTIONS TO AMEND**: The parties shall file all Motions to Amend on or before September 17, 2013.

H. **DISCLOSURE OF EXPERTS**: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 17, 2013. The defendant shall identify and disclose all expert witnesses and reports on or before November 18, 2013.

I. **DEPOSITIONS OF EXPERT WITNESSES**: The parties shall depose all expert witnesses on or before January 17, 2014.

J. **JOINT MEDIATION REPORT**: The parties shall file a joint mediation report on or before ~~November 18, 2013~~ Jan. 10, 2014.

K. **DISPOSITIVE MOTIONS**: The parties shall file all dispositive motions on or before –March 17, 2014. Responses to dispositive motions shall be filed within thirty (30) days after filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall

be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

    L.    **ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

    M.    **ESTIMATED TRIAL TIME**: The parties expect the trial to last approximately 3 days.

    It is so **ORDERED.**

_____
ALETA A. TRAUGER

5

Case 3:13-cv-00304   Document 10   Filed 06/17/13   Page 5 of 6 PageID #: 41

APPROVED FOR ENTRY:

**ALLMAN & ASSOCIATES**

/s/ Andy L. Allman                .
Andy L. Allman, #17857
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
Telephone: (615) 824-3761
Facsimile: (615) 264-2720
andylallman@comcast.net

*Attorney for Plaintiff*


**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ Megan M. Sutton                .
Lawrence S. Eastwood, Jr., #017801
Megan M. Sutton, #029419
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5600
Facsimile: (615) 744-5767

*Attorneys for Defendants*

6